Pablo Martin **CABALLERO–ROSEMBLUTH,**
Petitioner,

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 03–72724.
Agency No. A79–166–868.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Jerry L. Kagele, Esq., Kagele Law Office, Spokane, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service, Seattle, WA, David V. Bernal, Attorney, Jamie M. Dowd, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Pablo Martin Caballero–Rosembluth, a native and citizen of Bolivia, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Caballero–Rosembluth contends that "[b]ut for the improper NTA issued by the ... INS, [he] would have been able to continue his F–1 status as a college student." Yet, Caballero–Rosembluth's I–20 visa and resulting status pertained to his now-completed high school studies. He does not claim any current legal status.

We find no merit in Caballero–Rosembluth's contention that the government engaged in affirmative misconduct by issuing his Notice to Appear when it did. *See Sulit v. Schiltgen,* 213 F.3d 449, 454 (9th Cir.2000) ("The doctrine of equitable estoppel applies against the government only if it engages in affirmative misconduct going beyond mere negligence."). The government is therefore not estopped from removing Caballero–Rosembluth.

PETITION FOR REVIEW DENIED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.